SUMMARY ORDER

Petitioner Bijin Rúan, a native and citizen of the People’s Republic of China, seeks review of a December 31, 2007 order of the BIA affirming the January 25, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bijin Ruan, No. A 95 710 039 (B.I.A. Dec. 31, 2007), aff'g No. A 95 710 039 (Immigr. Ct. N.Y. City Jan. 25, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed *376 fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008). Here, we conclude that substantial evidence supports the agency’s adverse credibility determination.
Ruan claimed that after officials discovered that she worked for an illegal Falun Gong organization, she finished her semester in school and then went into hiding at a relative’s home for a month. The IJ found this account implausible for a number of reasons. First, the IJ reasonably found it implausible that Ruan did not know the name of the relative with whom she stayed while she was in hiding. Ruan testified that she simply called the person “Auntie,” and did not ask the name because she did not “touch on those kind of subjects.” Second, the IJ found it implausible that Ruan was unable to identify the location of the relative’s home where she hid. Ruan testified that, despite the fact that her uncle drove her to school from the location where she was in hiding, she did not know where she was staying during that time period. Third, the IJ found it implausible that after Ruan first heard that public security officials sought to arrest her, she waited until the end of the semester to go into hiding. In light of Ruan’s testimony that she was “terrified” by this news and her acknowledgment that she “might be in trouble” if she did not go into hiding, the IJ was understandably suspicious of her account.
Taking these findings together, we find no error in the IJ’s conclusion that Ruan’s account was implausible. See Ying Li v. BCIS, 529 F.3d 79, 82-83 (2d Cir.2008). While Ruan’s inability to identify her relatives or their location may be explained or rationalized, possible explanations “do not defeat a finding that the account is implausible.” See id. at 83; see also Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Further, the IJ properly found that the absence of an affidavit from Ruan’s father undermined her claim. Ruan’s failure to corroborate her testimony bore on her «•edibility because her deficient corroboration rendered her unable to rehabilitate testimony that the IJ already called into question. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir.2007).
Under these circumstances, the agency’s adverse credibility finding was supported by substantial evidence. See 8 U.S.C. § 1158(b)(1)(B)(iii); see also Xiu Xia Lin, 534 F.3d at 167.[1] Thus, its denial of Ruan’s application for asylum was proper and we need not reach the agency’s alternate burden of proof findings.
Because the only evidence of a threat to Ruan’s life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and relief under the CAT because they rested on the same factual predicate. *377 See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Ruan's conclusory assertion that the agency • violated her due process rights by failing to present her with "the non-obvious inconsistency upon which the IJ relied" is unavailing. This argument is comprised solely of boilerplate language and fails to identify the inconsistency referenced, as noted by the Government. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that, "[¡Issues not sufficiently argued in the briefs are considered waived and normally •will not be addressed on appeal”).